

LAWRENCE S. LUSTBERG
Director

Gibbons P.C.
One Gateway Center
Newark, New Jersey 07102-5310
Direct: (973) 596-4731 Fax: (973) 639-6285
llustberg@gibbonslaw.com

August 21, 2018

**VIA ECF**

Honorable Cathy L. Waldor
United States Magistrate Judge
Martin Luther King, Jr. Federal Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

    Re:  **615 River Road Partners, LLC v. Borough of Edgewater**
           **No. 2:17-cv-12659 (JMV) (CLW)**

Dear Judge Waldor:

    This firm represents, *inter alia*, Robert Travers in connection with a subpoena issued to him for documents, as well as Plaintiff's pending application to take his deposition although no deposition testimony has, as a result of a Consent Order entered in this matter, Dkt. no. 27, yet been permitted in this matter. Dkt. No. 51. I am aware that defendant has opposed the request based upon the stay imposed by the Consent Order, as well as, for example, the costs of attending substantive depositions before the motion to dismiss is denied. Dkt. No. 55. Mr. Travers hereby sets forth additional reasons why the Court should deny the request.

    First, as the Court knows, any concerns regarding the burdens of discovery are particularly heightened for a nonparty recipient of a subpoena because a nonparty does not have a direct stake in the lawsuit and therefore cannot participate in, for example, the status conferences, meet-and-confers, and negotiated consent orders, which would otherwise be tools to minimize burdensome discovery. *See Kelley v. Enhanced Recovery Co., LLC*, No. 15-6527 (CCC), 2016 WL 8673055, at *2 (D.N.J. Oct. 7, 2016) ("A nonparty to an action is afforded greater protection from discovery than a normal party.") Courts accordingly have a duty to protect nonparties from undue burdens. *See, e.g.*, Fed. R. Civ. P. 45(d)(3) (court must quash or modify subpoena if compliance would subject the person to undue burden). Indeed, as the commentary to Federal Rule 45 summarizes, "we do not expect [nonparties] to shoulder the same types of discovery burdens as the parties and therefore are quicker to find that the burden or expense in question is undue and to offer protection as needed to alleviate it."

    Thus, not only is discovery obtained pursuant to a Rule 45 subpoena limited by Rule 26, which requires that the discovery be relevant to a "party's claim or defense and proportional to the needs of the case," Fed. R. Civ. P. 26(b)(1), but "the standards for nonparty discovery require a stronger showing of relevance than for simple party discovery." *Stamy v. Packer*, 138 F.R.D. 412, 419 (D.N.J. 1990). Plaintiff contends that it must depose Mr. Travers to obtain information about its "allegations that Daibes provides benefits to Edgewater officials such as Mrs. Travers and Ms. Fischetti or their family members as a means to influence official actions." Dkt. No. 51 at 3. But leaving aside that Mr. Travers has already disclosed the benefits that he realizes as a result of his longstanding relationship with Mr. Daibes, as his counsel, this inquiry turns not on

GIBBONS P.C.

Hon. Cathy L. Waldor
August 21, 2018
Page 2

Mr. Travers's state of mind, which could be explored in a deposition, but on that of the Edgewater officials whom Plaintiff is targeting. *See, e.g.*, *United States v. Urban*, 404 F.3d 754, 780 (3d Cir. 2005) (discussing, in context of Hobbs Act extortion, requirement that official "knew that he was being offered payment in exchange for a specific requested exercise of . . . official power"). But, of course, those officials cannot be deposed at this point, given the Consent Order entered into between the parties. Plaintiffs' actions can thus only be viewed as an end-run around that Order. Nonetheless, that this information can, at an appropriate point, be obtained from a party goes directly to the undue burdensomeness of Plaintiff's proposed discovery. *Kelley*, 2016 WL 8673055, at *2. And specifically with respect to Mr. Travers, "[c]ourts have been especially concerned about the burdens imposed on the adversary process when lawyers themselves have been the subject of discovery requests, and have resisted the idea that lawyers should routinely be subject to broad discovery." *Spin Master Ltd. v. Bureau Veritas Consumer Prod. Serv., Inc.*, No. 11-CV-1000A SR, 2013 WL 4718589, at *5 (W.D.N.Y. Sept. 3, 2013).

Nor, as Defendant has articulated in its opposition, Dkt. No. 55, can Mr. Travers understand the need for the information sought, given the pending motion to dismiss Plaintiff's claims, which the District Court will likely decide within the near future. Mr. Travers is not, for example, suffering from any health issues that would affect his memory or render him unavailable to testify at an appropriate time. Meanwhile, Plaintiffs seek to impose a great strain – in terms of both time and money – on a nonparty when this litigation may very well be dismissed. *Id.*.

Mr. Travers has made a good faith production of documents, and provided additional information beyond the documents provided, by way of compliance with Plaintiff's document subpoena. Plaintiff expresses concern with the extent of that production, but contends in its letter that "the reported lack of paper trial is consistent with Mr. Travers's testimony" in another case. Dkt. No. 51 at 2. But this not only corroborates the lack of paper trail, but demonstrates that nothing additional will be gained by the deposition which Plaintiff now prematurely seeks. Nor does Plaintiff even attempt to justify why such a deposition is necessary at this early point, when all other depositions have been barred. *See* Dkt. No. 27 (Consent Order) at 2 ("Depositions shall be held in abeyance pending the Court's decision with respect to the Borough's pending Motion to Dismiss . . . subject to each party's right to (i) seek the Court's permission, *upon good cause shown*, to conduct substantive depositions") (emphasis added) One suspects, from the content and tone of its letter, that Plaintiff is contemplating naming Mr. Travers as a party to this litigation, but if that is true, then Plaintiff should abide by the Court Order governing the parties to the litigation. And if it is not, then the added protection that the law provides for non-parties to litigation should, as set forth above, demand that Mr. Travers, at the very least, not be treated less advantageously than the parties. Plaintiff's application should be denied.

If Your Honor has any questions or concerns, please do not hesitate to contact me. Thank you for the Court's thoughtful consideration of this response.

GIBBONS P.C.

Hon. Cathy L. Waldor
August 21, 2018
Page 3

                                                Respectfully submitted,

                                                <u>s/Lawrence S. Lustberg</u>
                                                Lawrence S. Lustberg, Esq.

Case 2:17-cv-12659-JMV-CLW   Document 61   Filed 08/21/18   Page 3 of 3 PageID: 2372

GIBBONS P.C.