**David N. Cinotti**
Counsel
dcinotti@pashmanstein.com
Direct: 201.270.4901



August 22, 2018

**BY ECF**
Hon. Cathy L. Waldor
United States District Court
  for the District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

Re:   615 River Road Partners, LLC v. Borough of Edgewater,
       No. 2:17-cv-12659-JMV-CLW

Dear Judge Waldor:

    This firm, together with Greenberg Traurig, LLP, represents Plaintiff 615 River Road Partners, LLC ("Plaintiff") in this action.  We write regarding the letter to the Court from counsel for nonparty Robert Travers dated August 21, 2018 (ECF No. 61).  Plaintiff explained the need to depose Robert Travers in its prior letters to the Court.  *See* ECF No. 51 (Aug. 7, 2018); ECF No. 57 (Aug. 10, 2018).  Mr. Travers's letter warrants only a brief response.

    Mr. Travers argues that he should not be burdened with a deposition until Edgewater's motion for judgment on the pleadings is resolved.  But, by Court order, discovery is not stayed pending resolution of Edgewater's motion.  *See* Text Order, ECF No. 15 (Mar. 29, 2018). Moreover, as agreed between Plaintiff and Edgewater, the proposed consent order specifically permits Plaintiff to depose Mr. Travers *immediately* concerning the documents requested under the subpoena served on him.  *See* Proposed Consent Order ¶ 2, ECF No. 27 (May 25, 2018) (permitting depositions of nonparties without Court permission "with respect to the document requests at issue").  Thus, even without Court approval, Plaintiff has the right to depose Mr. Travers now regarding the documents requested in the subpoena.  The only question is whether Plaintiff should have to wait to depose Mr. Travers about topics not specifically tied to particular documents or document requests.  The far more efficient—and less burdensome—course is for Mr. Travers to sit for a deposition concerning all relevant topics now.

    As explained in Plaintiff's prior letters, Mr. Travers is an important witness in this case. He is the husband of the Edgewater zoning counsel and the son of an Edgewater council member, all while Mr. Daibes provides him generous benefits such as a substantial annual salary regardless of the amount of work he does for Mr. Daibes, free office space and staff, personal loans, a free apartment in a luxury building, and business opportunities on terms not set out in any contract.  Plaintiff (and the Edgewater taxpayers) should have a fulsome opportunity to learn the extent of these and any other benefits that Mr. Travers and his wife Denise Travers—an

Court Plaza South
21 Main Street, Suite 200
Hackensack, NJ

Phone:  201.488.8200
Fax:  201.488.5556
www.pashmanstein.com

Hon. Cathy L. Waldor
August 22, 2018
Page 2



Edgewater public official directly involved in the borough's land-use decisions—directly or indirectly receive from Mr. Daibes.

    We thank the Court for its consideration of Plaintiff's request.

                              Respectfully,

                              s/ David N. Cinotti
                              David N. Cinotti

cc:    All counsel of record (by ECF)
       Lawrence S. Lustberg, Esq. (counsel for Robert Travers) (by email)