**David N. Cinotti**
Counsel
dcinotti@pashmanstein.com
Direct: 201.270.4901



September 17, 2018

**BY ECF AND UPS**

Hon. Cathy L. Waldor
United States District Court
  for the District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

Re:   615 River Road Partners, LLC v. Borough of Edgewater,
      No. 2:17-cv-12659-JMV-CLW

Dear Judge Waldor:

      This firm and Greenberg Traurig, LLP represent Plaintiff in this matter. The parties have a conference before the Court on September 19, 2018, at 3 p.m. to address open discovery issues. Given the voluminous correspondence that the Court has received, Plaintiff respectfully submits this letter to summarize those issues. For the Court's convenience, copies of the previously filed correspondence are attached as exhibits to this letter.

**I.    Party Discovery**

    **A.    Status**

      Plaintiff filed this action on December 6, 2017. After Plaintiff consented to multiple extension requests, Edgewater answered the complaint on February 14, 2018. At a conference on March 27, 2018, Edgewater indicated that it intended to move for judgment on the pleadings and suggested that staying discovery would be appropriate. The Court rejected that suggestion and ordered document discovery to proceed. *See* Text Order, ECF No. 15 (Mar. 29, 2018). On April 9, 2018, Edgewater filed a motion for judgment on the pleadings and a motion to stay discovery. To resolve the motion to stay discovery, and given the Court's March 29 order, the parties agreed to stay depositions with limited exceptions but to proceed with document production. *See* Proposed Consent Order, ECF No. 27 (May 25, 2018).

      The parties exchanged document requests on March 26, 2018, nearly six months ago. Plaintiff has produced more than 43,000 pages of documents to Edgewater. Edgewater made its first production of documents on September 14, 2018, after Plaintiff notified the Court that Edgewater had still not produced a single document. *See* Joint letter from parties, ECF No. 64 (Sept. 7, 2018) **(Ex. 10)**. That production contains about 1,800 pages, approximately 1,000 of which are reports relating to environmental remediation at the EPA Superfund site known as the

Court Plaza South        Phone:  201.488.8200
21 Main Street, Suite 200   Fax:  201.488.5556
Hackensack, NJ           www.pashmanstein.com



Honeywell or Quanta Resources property (which Fred Daibes is developing). Those reports can be downloaded from Edgewater's website. *See* Edgewater, New Jersey, http://www.edgewaternj.org/250/Community-Resources-Information (follow link for Quanta Resources). In other words, Edgewater has made only one production—nearly six months after receiving document requests and after Plaintiff complained to the Court—and that production overwhelmingly consists of publicly available documents with limited importance to the case.

      **B.**      **Schedule**

At the parties' request, the Court extended the time for document production from July 23, 2018 to September 7, 2018. *See* Order, ECF No. 48 (July 30, 2018). Edgewater asked Plaintiff to consent to a second extension of that deadline, to October 7, 2018. The parties' respective positions on that extension request are set out in a joint letter to the Court dated September 7, 2018, ECF No. 64 (**Ex. 10**).

**II.**      <u>**Nonparty Discovery**</u>

      **A.**      **Subpoenas to Edgewater officials and professionals**

Plaintiff has served nonparty subpoenas on, among others, the mayor of Edgewater, the members of the Edgewater borough council and Zoning Board of Adjustment (the "ZBA"), the Edgewater land-use administrator, the borough planner, and the ZBA attorney. Those officials and professionals are all represented by the same counsel, provided by Edgewater.

As set out in Plaintiff's letters to the Court dated August 8, 2018 (ECF No. 54) (**Ex. 4**), August 14, 2018 (ECF No. 60) (**Ex. 7**), and September 7, 2018 (ECF No. 64) (**Ex. 10**), Plaintiff has sought for months to obtain compliance with those subpoenas. Some of the officials and professionals have produced a limited number of documents or otherwise responded to the subpoenas. Counsel for the subpoena recipients has stated on multiple occasions that those individuals would produce additional documents or confirm that there are none, but the subpoena recipients have not done so. The ZBA members and the borough planner have chosen to ignore the subpoenas to them. As set out in the above-cited letters to the Court, Plaintiff respectfully requests an order that the subpoena recipients comply with the subpoenas by a date certain or be held in contempt.

In addition, Plaintiff anticipates more compliance issues with nonparty subpoenas served on Edgewater's current or former officials and professionals. Plaintiff seeks the Court's guidance as to the procedure that Plaintiff should follow as to future compliance issues.

      **B.**      **Robert Travers deposition**

Plaintiff has requested permission to depose nonparty Robert Travers, who is outside counsel to Fred Daibes, son of Edgewater councilmember Duane Fischetti, and husband of ZBA attorney Denise Travers. Edgewater and Mr. Travers oppose that request. The letters to the Court on that request are ECF No. 51 (Aug. 7, 2018) (**Ex. 3**), ECF No. 55 (Aug. 9, 2018) (**Ex. 5**),

Hon. Cathy L. Waldor
September 17, 2018
Page 3



ECF No. 57 (Aug. 10, 2018) **(Ex. 6)**, ECF No. 61 (Aug. 21, 2018) **(Ex. 8)**, and ECF No. 62 (Aug. 22, 2018) **(Ex. 9)**.

      **C.**      **Motion to compel Mariner's Bank**

Fred Daibes is the majority owner of Mariner's Bank. The bank has made loans to, and engaged in other financial transactions with, various Edgewater officials and professionals, which Plaintiff alleges is a way for Mr. Daibes to influence Edgewater decision-makers to support and approve Mr. Daibes's development projects. Plaintiff served Mariner's Bank with a subpoena, seeking information on, among other things, the loans and other transactions with Edgewater officials, professionals, and their families; Daibes's ownership and control over the bank; and the extent to which Edgewater officials, professionals, and their families own stock in the bank. Mariner's Bank agreed to produce a very limited category of documents, such as loan and mortgage agreements, many of which are already public. It refused, however, to produce the entire loan files, which would contain things such as loan applications and communications about the loan. Without such documents, Plaintiff has no way to tell whether the loans were made on fair market terms or whether the Edgewater officials were given special treatment.

On June 18, 2018, Plaintiff moved to compel Mariner's Bank to comply with the subpoenas. *See* ECF No. 39 **(Ex. 1)**. On June 25, 2018, Mariner's Bank opposed that motion. *See* ECF No. 42 **(Ex. 2)**. That motion is pending before the Court.

      **D.**      **HongKun motion to quash**

As stated in Plaintiff's letter to the Court dated September 13, 2018, Plaintiff and HongKun USA Real Estate Development LLC ("HongKun") have narrowed the dispute concerning the subpoena that Plaintiff served on HongKun. *See* ECF No. 67 **(Ex. 11)**. We expect to submit a joint letter to the Court in the next few days that will address any remaining issues for the Court to resolve.

*     \*     \**

Plaintiff thanks the Court for its consideration of these matters.

                                              Respectfully,

                                              s/ David N. Cinotti
                                              David N. Cinotti

Attachments

cc:     All counsel of record (by ECF only)
        Lawrence S. Lustberg, Esq. (counsel for Robert Travers) (by email only; w/o exhibits)
        Matthew S. Rogers, Esq. (counsel for Edgewater officials and professionals) (by email only; w/o exhibits)