UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| 615 RIVER ROAD PARTNERS, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>BOROUGH OF EDGEWATER, a municipal corporation of the State of New Jersey, and JOHN DOES and JANE DOES Nos. 1-100,<br><br>Defendants. | Civil Action No.<br>2:17-cv-12659-JMV-CLW<br><br>[PROPOSED] ORDER GRANTING MOTION TO SEAL OR REDACT SUBMISSIONS |

This matter has been brought before the Court pursuant to the Motion to Seal or Redact Submissions filed by Defendant Borough of Edgewater ("Defendant") in accordance with Rule 5.3(c) of the Local Civil Rules for an Order sealing or redacting the following:

- The block quote of a portion of an earlier draft of the Settlement Agreement in this matter found on Pages 3-4 of "Defendant Borough of Edgewater's Reply Brief in Support of Motion to Enforce Settlement," dated September 21, 2022. (ECF No. 194).

- Defendant's "Supplemental Reply Affidavit of Joseph R. Mariniello" in support of Defendant's Reply Brief in Support of Motion to Enforce Settlement, dated September 21, 2022. (ECF No. 194-1).

- Exhibit "A" to the "Supplemental Reply Affidavit of Joseph R. Mariniello," dated October 25, 2019. (ECF No. 194-2).

#3292244

The Court has considered the submissions of the parties and for good cause shown the Court makes the following findings of fact and conclusions of law:

Motions to Seal are governed by Rule 5.3(c) of the Local Civil Rules, which requires the moving party to describe: (a) the nature of the materials or proceedings at issue; (b) the legitimate private or public interest that warrants the relief sought; (c) the clearly defined and serious injury that would result if the relief sought is not granted; (d) why a less restrictive alternative to the relief sought is not available; (e) any prior order sealing the same materials in the pending action; and (f) the identity of any party or nonparty known to be objecting to the sealing request.

1. On September 21, 2022, counsel for Defendant filed under temporary seal a redacted version of "Defendant Borough of Edgewater's Reply Brief in Support of Motion to Enforce Settlement" (ECF No. 194). An unredacted version was provided to the Court.

2. On September 21, 2022, counsel for Defendant filed a "Supplemental Reply Affidavit of Joseph R. Mariniello" in support of Defendant's Reply Brief in Support of Motion to Enforce Settlement (ECF No. 194-1) under temporary seal.

3. On September 21, 2022, counsel for Defendant filed under temporary seal Exhibit "A" to the "Supplemental Reply Affidavit of Joseph R. Mariniello" (ECF No. 194-2).

4. The common interest privilege between Defendant and Plaintiff 615 River Road Partners, LLC ("Plaintiff"), which is governing their settlement negotiations and related drafts of settlement documents, as well as the confidentiality of their settlement negotiations, is a legitimate warranting relief. *WatchGuard Technologies, Inc. v. iValue Infosolutions Pvt. Ltd.*, 2017 WL 3581624, *2-*3 (W.D.Wash. 2017) (allowing a motion to enforce a settlement to remain under seal because of the common interest privilege). The parties' common-interest privilege "allows attorneys representing different clients with similar legal interests to share information without

having to disclose it to others" … [i]f an underlying privilege is established. *Louisiana Mun. Police Employees Ret. Sys. v. Sealed Air Corp.*, 253 F.R.D. 300, 309 (D.N.J. 2008) (citing, in part, *In re Teleglobe Commc'ns Corp.*, 493 F.3d 345, 364 (3d Cir. 2007)). Defendant and Plaintiff have "similar legal interests" with respect to challenges to the Settlement Agreement in this matter (which Defendant seeks to enforce). Therefore, both Defendant and Plaintiff had the right to "share information without having to disclose it to others." *In re Teleglobe*, 493 F.3d at 364 (citing (Rice § 4:35; Restatement (Third) of the Law Governing Lawyers § 76); accord, *John Morrell & Co., v. Local Union 304A*, 913 F.2d 544, 556 (8th Cir. 1990) (where previously adverse parties entered into a settlement and participated in a coordinated legal strategy, they "shared a joint defense privilege by virtue of being aligned on the same side following their settlement").

5. Public disclosure of the redacted or sealed information would cause serious injury and harm to both parties. Two parties have both challenged the settlement in an action in lieu of prerogative writ in the Superior Court of New Jersey. Although that Court rejected those challenges by Order dated October 4, 2022, those challengers may still appeal that decision and should not be able to look behind those negotiations and obtain privileged information. Furthermore, public disclosure of this information exposes Defendant to meritless copycat litigation.

6. No less restrictive alternatives to sealing the documents above are available, as the sealing is limited to a draft of the Settlement Agreement, which serves to safeguard the parties' rights and legitimate interests described above.

7. The was no prior order sealing the same materials in this matter.

8. There are no known parties or nonparties objecting to this Motion.

#3292244

9. The Court concludes that Defendant has demonstrated that its application meets the requirements of Rule 5.3(c) of the Local Civil Rules and the Court hereby grants Defendant's Motion to Seal or Redact Submissions.

**IT IS SO ORDERD.**

Dated: _____, 2023

_____
HON. CATHY L WALDOR, U.S.D.M.J.
United States District Court
Magistrate Judge

#3292244